**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GARY K. BRUCKER, JR., SB# 238644
E-Mail: Gary.Brucker@lewisbrisbois.com
CHRISTY GOUDAMANIS SB# 349524
E-Mail: Christy.Goudamanis@lewisbrisbois.com
550 West C Street, Suite 1700
San Diego, California 90101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Plaintiff MV Agusta Motorcycles North America, Inc.

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MV AGUSTA MOTORCYCLES NORTH AMERICA, INC., a California Corporation

Plaintiff,

v.

JOSE GALLINA, an individual, and SPEEDMILK LLC, a California Limited Liability Company, and Does 1-10, Inclusive

Defendants.

Case No.

**COMPLAINT FOR:**

(1) Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(A)

(2) Trademark Infringement Under 15 U.S.C. § 1114;

(3) Breach of the Covenant Of Good Faith And Fair Dealing; and

(4) Declaratory Judgment

**DEMAND FOR JURY TRIAL**

For its complaint against defendants Jose Gallina ("Gallina"), Speedmilk LLC ("Speedmilk") and Does 1-10, inclusive (collectively, "Defendants"), plaintiff MV Agusta Motorcycles North America, Inc., ("MVA") alleges as follows:

## NATURE OF ACTION

1. This action seeks relief for Defendants' liability for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. §1051, et seq., and injunctive relief against Defendants related thereto. MVA further seeks Declaratory Relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and the Lanham Act, 15 U.S.C. §1125(a), et seq., related to pendant claims regarding a dispute between the parties over the ownership of certain intellectual property that Defendants were granted access to and relief pertaining to Speedmilk's breach of the covenant of good faith and faith dealing for failing to relinquish control over the subject intellectual property upon termination of its independent contractor agreement.

## THE PARTIES

2. Plaintiff MVA is a California corporation incorporated in California. MVA is in the business of import, marketing, sales, and service of MV Agusta branded motorcycles throughout the United States.

3. Defendant Jose Gallina was and is an individual residing in the County of Orange State of California. Gallina is a principle of Speedmilk and a signatory to the Agreement alleged below

4. Defendant Speedmilk is a California limited liability company with its principal place of business in the County of Orange of California.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 10 are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff further alleges that each of these fictitiously named defendants is in some manner responsible for the acts and occurrences set forth herein, and/or has or alleges some claim, right or

interest in or to the real properties described below such that they will be materially affected by this action. Plaintiff will amend this complaint to show these defendants' true names, capacities, responsibilities and/or interests when the same are ascertained.

6. Plaintiff is informed and believes and upon such basis alleges, that at all times relevant herein, each of the Defendants was an agent, servant, employee, co-conspirator, partner, joint venturer, wholly owned and controlled subsidiary, and/or alter ego of each of the remaining Defendants, and was at all times acting within the course and scope of said agency, service, employment, conspiracy, partnership and/or joint venture.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over MV Agusta's claims pursuant to 28 U.S.C. §§ 1331, 1338, and 28 U.S.C. §2201, et seq.

8. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9. Upon information and belief, Defendants are residents of the state of California, and Defendants expected or reasonably should have expected their acts to have consequence in the state of California and within this judicial district, thus subjecting Defendants to personal jurisdiction of this Court.

10. Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b), as Defendants are residents of this judicial district and/or a substantial part of the events giving rise to the claim alleged herein occurred within this judicial district.

/ / /

/ / /

## GENERAL ALLEGATIONS

11. MVA engages in the importing, marketing, selling, and servicing of MV Agusta branded motorcycles throughout the United States, and is the exclusive licensee in the United States of certain trademarks, trade names, and logos associated with the MV Agusta brand, including but not limited to the registered trademarks on the Register of the United States Trademark Office nos. 3360095 and 3527860 (collectively, the "MV Agusta Marks").

12. Defendant Speedmilk entered into a written Marketing Specialist Agreement (the "Agreement") with MVA, last amended on February 10, 2025 whereby, Speedmilk agreed to provide, though its principal Jose Gallina, digital marketing services to MVA, including management of MVA's existing social media accounts and related online promotional activities.

13. Defendants' responsibilities included, posting social media content (i.e., graphics, videos, articles to social media channels, and websites) for the U.S., Canada, and Mexico, monitoring social media platforms, and replying to questions and comments.

14. As such, Defendants role was limited to operating and maintaining Plaintiff's social media presence on platforms such as Instagram and Facebook using the MV Agusta Marks for the sole purpose of promoting Plaintiff's business.

15. At no time did Plaintiff transfer, assign, or license ownership rights in it's the MV Agusta Marks to Defendants. Defendants' authorization to use the MV Agusta Marks was strictly limited to the duration of the Agreement and solely for MVA's benefit in managing the social media accounts, including the "MV Agusta North America Instagram account (@mvagustausa)."

16. The Agreement expired by its own terms on or about July 15, 2025. Upon termination, Defendants were instructed to relinquish control of all social media accounts, login credentials, and any other materials managed by them on MVA's behalf.

17. Despite the terms of the Agreement, upon termination, Defendant refused to relinquish control of MV Agusta's social media accounts and took steps to freeze out MVA employees from accessing the accounts.

18. After termination, Defendants and Gallina specifically claimed ownership of the social media accounts, which all prominently incorporated and publicly displayed the MV Agusta Marks to the consuming public, and used them for their own benefit, including the @mvagustausa Instagram account.

19. Specifically, Defendants changed the @mvagustausa Instagram account from the "official" MV Agusta account to Defendants' personal fan page—thus stealing access to tens of thousands of followers of the MV Agusta brand.

20. Defendants have thus proceeded to use MV Agusta marks without authorization, thereby causing consumer confusion and misrepresenting to the public that Defendants are affiliated with or authorized to act on behalf of MVA, when they were not.

21. Defendant's unauthorized use of the MV Agusta Marks' constitutes trademark infringement and unfair competition under federal law.

22. Although Defendants ultimately returned *access* to the social media accounts to MVA after receipt of a July 22, 2025 cease and desist letter, Defendants continued to assert ownership and rights and the right to control the social media accounts incorporating and displaying the MV Augusta Marks. Defendants also maintained full access to and control of the accounts as recently as August 15, 2025.

23. As a result of Defendant's actions, MVA has suffered and continues to suffer irreparable harm, including loss of control over the MV Agusta marks in the United States, confusion among consumers, and damage to its goodwill and reputation—as well as a continuing threat by Defendants to once again hijack MVA's social media accounts.

24. As part of and in connection with Defendants' refusal to turn over all credential for the social media accounts, and to cease accessing the accounts,

Defendants have also asserted that the Agreement alleged above is a sham and that Gallina was in fact an employee of MVA under California law, and not an independent contractor.

25. As such, an additional controversy has arisen between the parties whereby Defendants assert that Gallina is entitled to damages and penalties against MVA for Mr. Gallina's alleged misclassification as an independent contractor.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement and False Designation of Origin

### (15 U.S.C. § 1125(a) - Against All Defendants)

26. Plaintiff restates and incorporates by reference, as if fully set forth herein, the allegations of the foregoing paragraphs.

27. MVA has used the MV Agusta Marks in commerce in advertising for its services, on its signage for its goods and services in connection with its products and promotional materials, and in social media since its inception.

28. MVA is also the exclusive licensee of the federally registered marks nos. 3360095 and 3527860.

29. MVA has developed the MV Agusta Marks in the United States at great expense and such are valuable and irreplaceable assets. MVA has invested substantial sums in advertising and promotion of its services under the MV Agusta Marks and such have come to be recognized as identifying MVA and its goods and services.

30. MVA has a vital economic interest in the protection and preservation of the MV Agusta Marks and the maintenance of the goodwill and reputation associated therewith.

31. Defendants' wrongful and willful acts as articulated above constitutes false advertising, false designation of origin, and unfair competition. Defendants' unauthorized use in commerce of the MV Agusta Marks coupled with the other deceptive conduct identified above in connection with the social media accounts, as

alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers and government agencies as to the origin, source, sponsorship or affiliation of Defendants' services and is likely to cause consumers that Defendants' services are provided by an authorized MVA or in some way sponsored or approved by MVA, when they are not.

32. Defendants knew or should have known that their use of the MV Agusta Marks as alleged was likely to confuse and mislead consumers as to the source, sponsorship, or approval of their services. Defendants were well aware that the complained of acts herein would result in consumers being confused.

33. On information and belief, as a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, MVA has been substantially injured in its business and diminished goodwill and reputation.

34. On information and belief, as a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, MVA sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law, including without limitation the loss of consumer goodwill, and unless enjoined and restrained by the Court, Defendants will continue to engage in conduct in violation of the Lanham Act, and Defendants actions render the matter exceptional under 15 U.S.C. §1117.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement

### ((15 U.S.C. § 1114) - Against All Defendants)

35. Plaintiff restates and incorporates by reference, as if fully set forth herein, the allegations of the foregoing paragraphs.

36. Defendants and each of them have infringed the MV Agusta Marks by way of Defendants' unauthorized use in commerce of the MV Agusta Marks and/or confusingly similar variations thereof, as alleged herein. Such use is likely to cause confusion, to cause mistake, or to deceive consumers.

37. Defendants' acts, alleged herein, constitute willful federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

38. By reason of Defendants' actions, MVA has suffered irreparable harm to the valuable trademarks and the goodwill associated therewith. MVA has been and, unless Defendants are restrained from their actions, will continue to be irreparably harmed. MVA has no adequate remedy at law and therefore seeks injunctive relief under 15 U.S.C. § 1116.

39. Defendants knew or should have known that their use of the MV Agusta Marks was likely to confuse and mislead consumers as to the source of their services.

40. On information and belief, as a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, MVA has been substantially injured in its business resulting in lost revenues, lost profits, loss of goodwill, diminished reputation and other damages.

41. Defendants acts were willful and MVA is entitled to recover reasonable attorneys' fees and costs under 15 U.S.C. § 1117.

**THIRD CLAIM FOR RELIEF**

**(BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING -- Against Speedmilk, LLC)**

42. Plaintiff restates and incorporates by reference, as if fully set forth herein, the allegations of the foregoing paragraphs.

43. Defendant Speedmilk entered into the Agreement with MVA, last amended on February 10, 2025 whereby, Speedmilk agreed to provide digital marketing services to MVA.

44. Speedmilk's role was limited to operating and maintaining Plaintiff's social media presence on platforms such as Instagram and Facebook using the MV Agusta Marks for the sole purpose of promoting Plaintiff's business.

/ / /

45. Speedmilk's authorization to use the MV Agusta Marks was strictly limited to the duration of the Agreement and solely for MVA's benefit in managing the social media accounts, including the @mvagustausa Instagram account.

46. In every contract or agreement there is an implied promise of good faith and fair dealing. This implied promise means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract.

47. The covenant of good faith and fair dealings was implied in the valid Agreement, under which Speedmilk had an obligation to perform in good faith and pursuant to the Agreement.

48. Speedmilk had an implied duty of good faith and fair dealing not to use the MV Agusta Marks after termination of the Agreement, and to turn over to MVA all credentials to the social media accounts and to stop accessing or using the social media accounts for its own benefit.

49. By the acts of Speedmilk alleged above, Speedmilk breached the implied covenant of good faith and fair dealing.

50. MVA fulfilled all or substantially all of its significant obligations under the Agreement except those that may have been excused by Speedmilk's conduct.

51. As a direct and proximate result of Speedmilk's breaches, MVA has suffered and continues to suffer damages in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**

**(DECLARATORY RELIEF – Against All Defendants)**

52. Plaintiff restates and incorporates by reference, as if fully set forth herein, the allegations of the foregoing paragraphs.

53. A controversy has arisen and currently exists between Plaintiff MVA and Defendants regarding ownership of the social media accounts that Defendants managed for MVA under the Agreement and Defendants' obligation to turn over all credentials for the accounts and cease accessing the accounts for their own benefit.

54. As part of and in connection with Defendants' refusal to turn over all credential for the social media accounts, and to cease accessing the accounts, Defendants have also asserted that the Agreement alleged above is a sham and that Gallina was in fact an employee of MVA under California law, and not an independent contractor.

55. As such, an additional controversy has arisen between the parties whereby Defendants assert that Gallina is entitled to damages and penalties against MVA for his alleged Misclassification as an Independent Contractor.

56. These controversies are such as to require this Court's immediate intervention to declare the rights and obligations of the parties hereto with respect to this matter.

WHEREFORE, MVA prays for the following relief:

1. On Claims One, Two, and Three:
   a. For damages in an amount to be proven at trial;
   b. For injunctive relief to prevent Defendants, their agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, from:
      i. Using the MV Agusta Marks in any manner that is likely to cause confusion and/or create the impression that Defendants' goods or services were approved or authorized by, or are in any way connected to MVA; and
   c. For reasonable costs and attorneys' fees incurred in this action.
2. On Claim Four, for a declaration that:
   a. Defendants do not own any trademarks, copyrights, or other Intellectual Property that they managed through the Agreement with MV Agusta;
   b. Defendants do not possess any ownership rights in the social media accounts they managed for MVA under the agreement and must turn

over all credentials needed to access the accounts and must cease all efforts to access or use the accounts for any purpose;

c. The Agreement between MVA and Speedmilk is valid and that Gallina was not an employee of MVA as asserted by Defendants.

3. For such other and further relief as this Court deems just and proper.

DATED: September 8, 2025 LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ______________________

Gary K. Brucker
Attorney for Plaintiff MV Agusta Motorcycles North America, Inc.